# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARFIELD HOWARD, JR.** | **CIVIL ACTION** |
| **versus** | **NO. 09-3547** |
| **ORLEANS CRIMINAL DISTRICT COURT**<br>**ORLEANS PARISH PRISON** | **SECTION: "N" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED**.

Petitioner, Garfield Howard, Jr., is currently confined within the Orleans Parish Prison system. In April of 2009, he filed a largely nonsensical petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. In that petition, he referenced convictions from 2001, 2004, and 2006, as well as a pending criminal charge.

### State Court Proceedings

On September 19, 2001, petitioner pleaded guilty to possession of cocaine. On that same date, he was sentenced to a term of three years imprisonment; however, the court deferred

imposition of that sentence and placed petitioner on active probation for three years.[1]  On August 2, 2002, after his repeated failures to comply with the conditions imposed, petitioner's probation was revoked, and the sentence was made executory.[2]

On August 30, 2004, petitioner again pleaded guilty to possession of cocaine.  On that same date, he was sentenced to a term of imprisonment of two years six months; however, two years of that sentence were suspended, and he was again placed on active probation for three years.[3]  On September 22, 2006, that probation was likewise terminated unsatisfactorily.[4]

In the interim, on August 28, 2006, petitioner once again pleaded guilty to another charge of possession of cocaine.  On that same date, he was sentenced to a term of thirty months imprisonment.[5]

On January 12, 2009, the state filed a bill of information charging petitioner with aggravated burglary of an inhabited dwelling.[6]  On May 19, 2009, Rafael Salcedo, Ph.D., and Richard Richoux, M.D., reported to the state district court that petitioner may be suffering from a schizoaffective disorder and recommended that he be found incompetent to stand trial.[7]  On June 18,

---

[1] State Rec., Vol. II of IV, minute entry dated September 19, 2001.

[2] State Rec., Vol. II of IV, minute entry dated August 2, 2002.

[3] State Rec., Vol. III of IV, minute entry dated August 30, 2004; State Rec., Vol. III of IV, guilty plea form.

[4] State Rec., Vol. III of IV, minute entry dated September 22, 2006.

[5] State Rec., Vol. IV of IV, minute entry dated August 28, 2006.

[6] State Rec., Vol. I of IV, bill of information.

[7] State Rec., Vol. I of IV, letter from Salcedo and Richoux dated May 19, 2009.

2009, the trial did in fact find petitioner to be incompetent.[8]  Another competency hearing is currently scheduled for October 29, 2009.[9]

## Claims Relating to Prior Convictions

Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).  The custody requirement is jurisdictional.  Hendrix v. Lynaugh, 888 F.2d 336, 337 (5th Cir. 1989).

Once a sentence imposed for a conviction has completely expired, a federal *habeas corpus* petitioner may no longer considered to be "in custody" based on that conviction.  Maleng v. Cook, 490 U.S. 488, 492 (1989).  Further, an individual is not "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted."  Id.  Because petitioner's sentences for his 2001, 2004, and 2006 convictions expired long ago, he is not "in custody" based on any those convictions.  Accordingly, this Court lacks subject matter jurisdiction to consider any claims relating to those convictions.

## Current Charge

As to any claims relating to petitioner's detention on the pending criminal charge, the state notes that such claims may not be brought under § 2254.  That is, of course, accurate; however, a pretrial detainee may seek *habeas corpus* relief under 28 U.S.C. § 2241 in some

---

[8] State Rec., Vol. I of IV, minute entry dated June 18, 2009.

[9] State Rec., Vol. I of IV, docket master.

‒ 3 ‒

circumstances. Nevertheless, even if this Court construes the instant petition in part as seeking relief under § 2241, petitioner's claims concerning his current detention must still be dismissed because he has not exhausted his state court remedies with respect to those claims.[10]

Although there is no statutory exhaustion requirement under 28 U.S.C. § 2241, jurisprudence clearly imposes such a requirement. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995). Further, the United States Fifth Circuit Court of Appeals has held:

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)) (emphasis added).

On September 30, 2009, a staff member of this Court was advised by an employee of the Louisiana Supreme Court that petitioner has filed no applications whatsoever in that court regarding his pending criminal charge or his current detention. Because petitioner has never

---

[10] A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); see also Tigner v. Cockrell, 264 F.3d 521, 526 n.3 (5th Cir. 2001); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997). Accordingly, **petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising the issue of exhaustion and that petitioner must submit any evidence or argument concerning that issue as part of any objections he may file to this report.** See Magouirk, 144 F.3d at 359.

presented his claims to the Louisiana Supreme Court and given that court a fair opportunity to rule on them, he simply is not entitled to federal *habeas corpus* relief under § 2241.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Garfield Howard, Jr.**, for federal *habeas corpus* relief be **DISMISSED**. **IT IS RECOMMENDED** that Howard's § 2254 claims be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** and that his § 2241 claims be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that petitioner's motion for recusal of Orleans Parish Criminal District Court Judge Lynda Van Davis, Rec. Doc. 7, "Motion to Binding Precedent," Rec. Doc. 9, and "Motion to Binding Precedent," Rec. Doc. 14, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of October, 2009.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**